7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Walford CLARKE, a/k/a "G", Defendant-Appellant.
 No. 92-5706.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 3, 1993.
Decided: September 28, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., Chief District Judge. (CR-92-75)
 G. Nicholas Herman, Bernholz & Herman, Chapel Hill, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Before WIDENER, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Clarke appeals from the decision of the district court denying his motion to suppress 567.8 grams of "crack" cocaine found in a locked toolbox in a rented vehicle driven by another. For the reasons stated below, we affirm the order of the district court.
 
 
 2
 Christopher Clarke, pursuant to an agreement with his brother, Michael Clarke, purchased a toolbox and a combination lock with money sent from Michael, placed "crack" cocaine in the toolbox, arranged for a rented vehicle for Jane Latimer, and paid Latimer $900 to transport the toolbox from Connecticut to North Carolina. Latimer was instructed to deliver the box only to Michael.
 
 
 3
 When the rental vehicle was delivered to Latimer, the toolbox was in the trunk of the car. She further concealed it by placing the toolbox in the spare tire wheel well. Because the brothers did not trust Latimer, she was not given the combination to the lock on the toolbox. On the morning of April 7, 1992, Latimer and her companion, Robert Womack, stopped at a rest area in Virginia. Mark Wilkinson of the Virginia State Police noted that the vehicle, a red Toyota, was parked with the headlights on, the motor off, and both passengers appeared to be sleeping. Wilkinson approached the vehicle, advised Latimer that the lights were on, and asked for identification. Latimer produced her identification and a rental agreement for a Ford Escort. Wilkinson then asked Latimer and Womack if they were carrying any contraband. They replied that they were not. Wilkinson requested permission to search the vehicle, its contents and containers for controlled substances, contraband, and weapons. Latimer gave her consent, both orally and in writing.
 
 
 4
 While searching the trunk compartment, Wilkinson discovered the toolbox. After Latimer and Womack denied ownership, Wilkinson tore open the toolbox and discovered 567.8 grams of crack cocaine. A controlled delivery was made, and Clarke was arrested and indicted for possession with intent to distribute over 500 grams of cocaine base.
 
 
 5
 After a hearing on Clarke's motion to suppress, the district court found that Latimer had exercised control over the vehicle and its contents,[1] that Trooper Wilkinson had obtained verbal consent to search the vehicle, its contents and containers, and this consent was not withdrawn or limited by Latimer's denial of ownership of the toolbox. The district court concluded that Clarke had a legitimate expectation of privacy in the toolbox and its contents, and therefore had standing to challenge the search and seizure on Fourth Amendment grounds, but Latimer had actual and apparent authority to consent to the search. Clarke's motion to suppress was denied.
 
 
 6
 Although the United States argues that Clarke lacks standing to challenge the search, for purposes of this opinion standing is assumed.
 
 
 7
 The scope of the consent is that which a reasonable person would have understood from the interchange between the officer and the person granting consent. Florida v. Jimeno, 59 U.S.L.W. 4471 (U.S. 1991). Latimer's verbal consent extended to the vehicle, its contents and containers. Clarke argues that Latimer's written consent to search encompassed only items reasonably believed to be connected with a crime. However, the written consent provided unlimited authority to search, and consented to seizure of those items the officer "may have reason to believe are connected with a crime." Wilkinson was in the process of searching the vehicle when he discovered the toolbox. The search continued as he opened the toolbox and discovered the cocaine. Wilkinson only seized the toolbox after discovering its contents, at which time he had "reason to believe[the item was] connected with a crime." Thus, we reject this argument that the trooper exceeded the scope of the consent to search.
 
 
 8
 Clarke next argues that Latimer lacked the authority to consent to a search of the tool box. A warrantless search is valid if based upon consent of a third party whom police reasonably believe has authority over the object, but who does not. Illinois v. Rodriguez, 497 U.S. 177 (1990). The determination of consent must be judged against an objective standard: whether the facts available to the officer at that moment would justify a person of reasonable caution in believing that the consenting party had authority over the item. Rodriguez, 497 U.S. at 188 (citing Terry v. Ohio, 392 U.S. 1, 21-22 (1968)).
 
 
 9
 We find that Latimer had apparent authority to consent to the search of the toolbox. The denial of ownership could lead Trooper Wilkinson to reasonably conclude that Latimer and Womack did not own the box, but that Latimer, as driver of the vehicle, had possession and control of the box, and thus actual authority under United States v. Matlock, 415 U.S. 164, 171 (1974). The search was not unreasonable under the Fourth Amendment.[2] See Rodriguez, 497 U.S. at 18589.
 
 
 10
 Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The court noted that the trunk contained personal items other than the toolbox, and Latimer testified that she had acted to further conceal the toolbox by moving it from the general trunk compartment into the spare tire wheel well. Latimer also testified that this was her third delivery of a locked toolbox from Christopher to Michael, and that she knew or suspected that the box contained cocaine
 
 
 [2]
 We find United States v. Whitfield, 939 F.2d 1071 (D.C. Cir. 1991), distinguishable on its facts. In Whitfield, the officials had particularized suspicion that Whitfield was involved in a crime, the search was in the defendant's home, and without further inquiry, the officers could not have reasonably concluded that Whitfield's mother had actual authority to consent to the search of the defendant's bedroom. In this case, the officer had no knowledge of Clarke's interest in the toolbox found in a vehicle operated by a third person